Mr. Reginald Martin #3 Tall Pine Cove Little Rock, AR 72204
Dear Mr. Martin:
This is in response to your request for an opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), on whether the decision of the City of Little Rock Human Resources Department ("Department") with respect to the release of your personnel file is consistent with the Arkansas Freedom of Information Act ("FOIA," A.C.A. §§ 25-19-101 through -107 (Repl. 1996)). It appears from correspondence attached to your request that the Department, in response to a request for your personnel file from KARK News 4,[1] has determined that it will not release certain items in your personnel file. The Department lists as exempt the background investigation conducted by the Department when you were first under consideration for employment, "all other personal information such as telephone number, social security number, address, etc.[,]" medical records, and employee evaluation and job performance records. The Department also states, however, that "any suspension letter already in your file and any job performance records which form the basis of earlier actions will be released."
It is my understanding that you recently resigned from the Little Rock Police Department. It is also my understanding that your file reflects one suspension, which occurred prior to your resignation. I am further informed by the Human Resources Department that there are no drug test results contained in your file with the Department.
Not having reviewed the actual records in question, I cannot make any conclusive determinations concerning the release of particular records. I can, however, set out the relevant tests to be applied with respect to release of the records of which I am aware.
With regard, first, to the background investigation, I have previously opined on several occasions that a blanket denial of access to a background investigation record may be inconsistent with the FOIA. See
Op. Att'y Gen. Nos. 96-368, 95-242, 94-113, and 92-319. Such a record or file would, in my opinion, generally be considered a "personnel record" for purposes of the FOIA. Id. Personnel records are exempt only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). Thus, the appropriate procedure for the Department to follow with respect to the background investigation is to delete any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy), and make the remainder of the investigation record available for inspection and copying.[2]
In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. In the case of Youngv. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992), the court stated:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 596.
In Young, the Court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The Court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person embarrassment, harassment, disgrace, or loss of employment or friends. The Court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The Court therefore found a substantial privacy interest in the records. The Court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington Post
(D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the AirProvidence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Consistent with the precepts set forth above, therefore, the custodian of personnel records should delete any exempt information, but must release the remainder of the records. In employing the balancing test (seeYoung, supra), if there is a substantial public interest in disclosure, that interest will likely outweigh any individual privacy interest and disclosure will be favored. Id. If the privacy interest is de minimus,
the information is likely disclosable and that is the end of the analysis. See Op. Att'y Gen. Nos. 95-220, 93-131 and 90-335.
With regard, specifically, in this instance to the Department's decision to delete your social security number and medical records, it is my opinion that this action is consistent with the FOIA. Medical records are specifically exempted under the act (A.C.A. § 25-19-105(b)(2)); and this office has previously opined that social security numbers should be deleted under the privacy exemption pertaining to personnel records.See, e.g., Op. Att'y Gen. 93-055 and discussion above. With regard to the deletion of your telephone number and address, it should be noted that with the exception of unlisted information, this office has previously opined that there is no general exemption for addresses and telephone numbers. See Op. Att'y Gen. Nos. 95-256, 95-220, 94-113, 93-131, 90-335. I have also previously concluded, however, that there are certain public employees whose privacy interest is heightened because of the increased possibility of harm or harassment following release of their addresses or phone numbers. See Op. Att'y Gen. Nos. 96-005 (regarding an undercover police officer), and 95-220 (Ark. Dept. of Correction employees). Seealso Op. Nos. 93-131 at n. 1, and 90-335. As stated in Opinion 90-335:
 The existence of distinguishing facts which could skew the balancing test should, however, be considered. If there is something inherent in the information disclosed which could heighten the employee's privacy interest, that fact is to be considered. For example, a heightened privacy interest may attend the disclosure of a list of the names and addresses of prison guards or other individuals involved in the criminal justice system. This interest is heightened by the increased possibility of harm or retaliation toward these employees by, for example, former inmates or defendants. . . .
Id. at n. 6.
It may be contended in this instance that your former position as a police officer gives rise to a heightened privacy interest, and that your address and telephone number should not be released as a result. This follows from the moderate, but less than significant public interest in disclosure of this information. Id. at 3. See also Op. 95-220. It is therefore my opinion that the Department's decision not to release this information is in all likelihood consistent with the FOIA. With regard, however, to the request in this instance for your photograph, although I have not been apprised of the Department's specific decision in this respect, I believe the balance would likely tip in favor of disclosure in the absence of some distinguishing factor (such as the officer's undercover status in Opinion 96-005) which would evidence a substantial privacy interest justifying nondisclosure.[3] This follows from the conclusion that the identity of public employees is ordinarily a matter of significant public interest. See Opinions 96-005 and 90-335.
The last category of document the Department mentions in its correspondence is "employee evaluation or job performance records." The Department states that these records are open to public inspection only if, upon final administrative resolution of any suspension or termination proceedings, they form the basis of the decision to suspend or terminate. This is almost a correct statement of the law. Employee evaluation or job performance records are subject to public disclosure only upon final administrative resolution of any suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where there is a compelling public interest in their disclosure. A.C.A. § 25-19-105(c)(1). All of these factors must be present in order for the records to be disclosed. This office has previously stated, generally, that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See Op. Att'y Gen. 91-324 (stating that a letter of recommendation of termination, letters of reprimand, and other disciplinary records are "job performance records.") See also Op. Att'y Gen. Nos. 91-303 and 88-097. With regard to the existence of a "compelling public interest" in disclosure, it has been stated by a recognized commentator on the FOIA that "the mere fact that an employee has been suspended or terminated does not mean that the records should be made public[.]" J. Watkins, TheArkansas Freedom of Information Act 135 (2d ed. 1994). Professor Watkins notes that "[t]he nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Id. He also notes that "[t]he status of the employee . . . may also be relevant. . . ." Id. at 137.
The custodian of the records must therefore consider the above when making disclosure decisions as to job performance or evaluation records. In this particular instance it is my understanding that you resigned, but that your file reflects one prior suspension. The fact of a suspension thus raises the possibility that any suspension letter or other job performance record which formed a basis for the suspension will be subject to disclosure. See Op. Att'y Gen. 94-113 (stating that suspension letters would generally be considered job performance records). The above analysis must, however, be employed in making this determination. Any other evaluation or job performance records, i.e., those unrelated to the suspension, are not open to the public because resignation does not trigger release of such records. See generally Op. Att'y Gen. 97-079.
Finally, with regard to the request for the results of any drug tests, as noted above it is my understanding that there are no such records in the possession or control of the Department.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The actual request is for your complete personnel file, including any photos of you and the results of any drug tests.
[2] Similarly, "all other personal information" (as referenced by the Department in its correspondence to you) contained in personnel records in your file would be exempt only to this extent.
[3] A photograph, if any is maintained, would appear to fall within the "personnel records" provision of the FOIA. See Op. 96-005.